UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                            No. 20-30088

    v.

PHILLIP CAPE,

    Defendant.

                                       /

## **AGREED STIPULATION FOR DISCOVERY PROTECTIVE ORDER**

The parties hereby stipulate and agree to the entry of a Discovery Protective Order in the above-captioned criminal case.

On or about February 21, 2020, defendant Phillip Cape was arrested on a criminal Complaint for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The investigation of the Defendant involved the Defendant's use of particular websites, referenced herein as "Website A" and "Website B," which the government alleges were involved in sharing child pornography.

Discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16 include law enforcement sensitive items related to an ongoing investigation of the users of "Website A" and "Website B." The investigation continues into users of these websites who participate in the receipt and distribution of child pornography. The

dissemination of the government's investigative materials, including search warrant affidavits, reports of investigation, witness and/or victim statements, court orders, and seized electronic data, could seriously jeopardize those continuing investigations and victim privacy.

The government requests that the Discovery Protective Order require that the Defendant may not disseminate discovery items to anyone other than counsel and members of the Defendant's litigation and investigative team. As proposed in the Protective Order, defense counsel and the Defendant's litigation team may show and display materials produced in discovery to the Defendant, but may not provide a copy of materials produced in discovery to the Defendant or third parties to keep and maintain in their possession. Further, defense counsel and the Defendant's litigation team shall return materials produced in discovery to the United States Attorney's Office within 10 days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal.

Any materials produced in discovery that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Any violation of any term or condition of the proposed Protective Order by the Defendant, the Defendant's attorney of record, any member of the defense

team, or any attorney for the United States Attorney's Office for the Eastern District of Michigan, may be sanctioned by contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

This Stipulation and the proposed Protective Order is submitted for the purpose of insuring that law enforcement and victim sensitive information contained in discovery materials are not disseminated to third parties. For these reasons, the United States and Defendant Phillip Cape request this Court to authorize the proposed Discovery Protective Order.

**IT IS SO STIPULATED.**

s/*Meghan S. Bean*
Meghan Sweeney Bean
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: 313-226-0214
meghan.bean@usdoj.gov

*s/Mark A. Satawa* (with consent)
Mark A. Satawa
Attorney for Phillip Cape
SATAWA LAW PLLC
26777 Central Park Blvd, Suite 325,
Southfield, MI 48076
Phone: 248-356-8320
mark@satawalaw.com

Dated: March 31, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                  No. 20-30088

PHILLIP CAPE,

    Defendant.

_____/

## **PROTECTIVE ORDER**

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant Phillip Cape, and the Court, having considered the stipulation, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. This Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in discovery in the above captioned case.

2. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the attorney of record, and investigators, paralegals, law

clerks, experts and assistants for the attorney of record (hereinafter collectively referred to as members of the defense team).

3. The attorney of record and members of the defense team may display and review the discovery materials with the Defendant. The attorney of record and members of the defense team acknowledge that providing copies of the discovery materials to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of discovery materials to the Defendant and other persons.

4. The United States Attorney's Office for the Eastern District of Michigan is similarly allowed to display and review the discovery materials to lay witnesses, but is otherwise prohibited from providing copies of the discovery materials to lay witnesses, *i.e.* non-law enforcement witnesses.

5. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

6. Any discovery material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. The provisions of this Order shall not terminate at the conclusion of this prosecution.

8. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Eastern District of Michigan, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

9. Any discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Sixth Circuit or Supreme Court of the United States.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

**IT IS SO ORDERED.**

s/Michael J. Hluchaniuk
HONORABLE MICHAEL J. HLUCHANIUK
UNITED STATES MAGISTRATE JUDGE

Date Entered: April 1, 2020