UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      CASE NO. 20-mj-30088

v.                                        HON. DAVID R. GRAND

PHILLIP CAPE,

      Defendant.
      _____/

## STIPULATION TO CONTINUE PRELIMINARY EXAM AND COMPLAINT

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary exam and complaint from August 13, 2020, to October 13, 2020 at 1:00 p.m.

**IT IS FURTHER STIPULATED** that the time period, from August 13, 2020, through and including October 13, 2020, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the preliminary exam and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1.      On February 21, 2020, the Court signed a criminal complaint charging the defendant with receiving child pornography, in violation of 18 U.S.C.

-1-

§ 2252A(a)(1)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b);

2. On February 21, 2020, the defendant appeared for his initial appearance and consented to detention. The Court set a preliminary examination date of March 6, 2020;

3. Due to the COVID-19 pandemic, the lack of grand jury proceedings in the district, and the inability of defense counsel to conduct an in-person forensic review of discovery or meet with his client, the parties have agreed multiple times to adjourn the preliminary examination date in this case. The preliminary examination is currently set for August 13, 2020;

4. On August 12, 2020, the parties attempted to conduct an in-person forensic review of discovery. The review was canceled because one of the necessary parties was quarantined. As a result, the government and defense counsel conferred and agreed to a continuance of the preliminary examination date until October 13, 2020, in order to allow defense counsel the opportunity to conduct the in-person forensic review of discovery in this case and to communicate with the defendant who is currently detained; and

5. The review of discovery will assist both defense counsel and the government in facilitating potential plea negotiations.

Overall, a continuance of the preliminary exam and complaint is necessary to allow defense counsel time to review discovery, for potential plea negotiations, and

for defense counsel to communicate with the defendant. The ends of justice served by continuing the preliminary exam and complaint outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO STIPULATED.**

| | |
|---|---|
| s/*Matthew Roth* | s/ *Mark Satawa* (with consent) |
| Meghan Sweeney Bean | Mark Satawa |
| Matthew Roth | Attorney for Defendant |
| Assistant United States Attorney | 26777 Central Park Blvd., Ste. 325 |
| 211 W. Fort Street, Suite 2001 | Southfield, MI 48076 |
| Detroit, Michigan  48226 | Phone:  (248) 356-8320 |
| Phone:  313-226-9186 | mark@satawalaw.com |
| Matthew.Roth2@usdoj.gov | |

Dated:  August 13, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    CASE NO. 20-mj-30088

v.

PHILLIP CAPE,

       Defendant.
                           /

## **ORDER TO CONTINUE PRELIMINARY EXAM AND COMPLAINT**

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the preliminary exam and complaint be continued from August 13, 2020, to October 13, 2020, at 1:00 p.m.

**IF IS FURTHER ORDERED** that the time period from August 13, 2020, through and including October 13, 2020, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the preliminary exam and complaint outweigh the best interests of the public and Defendant in a speedy trial. The Court does find that an ends of justice continuance is appropriate for the following reasons:

-2-

1. On February 21, 2020, the Court signed a criminal complaint charging the defendant with receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(1)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b);

2. On February 21, 2020, the defendant appeared for his initial appearance and consented to detention. The Court set a preliminary examination date of March 6, 2020;

3. Due to the COVID-19 pandemic, the lack of grand jury proceedings in the district, and the inability of defense counsel to meet with his client, the parties have agreed three times to adjourn the preliminary examination date in this case. The preliminary examination is currently set for August 13, 2020;

4. On August 12, 2020, the parties attempted to conduct an in-person forensic review of discovery. The review was canceled because one of the necessary parties was quarantined. As a result, the government and defense counsel conferred and agreed to a continuance of the preliminary examination date until October 13, 2020, in order to allow defense counsel the opportunity to conduct the in-person forensic review of discovery in this case and to communicate with the defendant who is currently detained; and

5. The review of discovery will assist both defense counsel and the government in facilitating potential plea negotiations.

-3-

Overall, a continuance of the preliminary exam and complaint is necessary to allow defense counsel time to review discovery, for potential plea negotiations, and for defense counsel to communicate with the defendant. The ends of justice served by continuing the preliminary exam and complaint outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This order shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the Court shall find that, under the Speedy Trial Act, 18, U.S.C. § 3161(h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO ORDERED.**

<u>s/David R. Grand</u>
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

Date Entered:  August 13, 2020