UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        CASE NO. 20-mj-30088

v.                                        HON. ANTHONY P. PATTI

PHILLIP CAPE,

    Defendant.
_____/

## STIPULATION TO CONTINUE PRELIMINARY EXAM AND COMPLAINT

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary exam and complaint from July 22, 2021 to August 25, 2021 at 1:00 p.m.

**IT IS FURTHER STIPULATED** that the time period, from July 22, 2021, through and including August 25, 2021, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the preliminary exam and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

    1.    On February 21, 2020, the Court signed a criminal complaint charging the defendant with receiving child pornography, in violation of 18 U.S.C.

-2-

§ 2252A(a)(1)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b);

2. On February 21, 2020, the defendant appeared for his initial appearance and consented to detention. The Court set a preliminary examination date of March 6, 2020;

3. Due to the COVID-19 pandemic, the lack of grand jury proceedings in the district, the court closures, and the inability of defense counsel to conduct an in-person forensic review of discovery or meet with his client, the parties agreed to adjourn the preliminary examination several times;

4. On August 12, 2020, as part of pre-indictment plea discussions, the parties attempted to conduct an in-person forensic review of discovery. The review was canceled because one of the necessary parties was quarantined. As a result, the government and defense counsel conferred and agreed to a continuance of the preliminary examination date until October 13, 2020, in order to allow defense counsel the opportunity to conduct the in-person forensic review of discovery and to communicate with the defendant who is currently detained;

5. On September 10, 2020, the government and defense counsel conducted a forensic evidence review at the United States Attorney's Office. The evidence review led to a subsequent meetings between the parties and the need for the agent to take additional investigative steps to assist in furthering plea negotiations.

6. The parties have subsequently filed several stipulations and orders adjourning the preliminary examination date so that the agent's investigation can continue, so that the parties can conduct plea negotiations, and so that defense counsel could meet in-person with his client, which has been complicated due to the Covid-19 pandemic. Defense counsel also needed time to have a psychological evaluation of his client in furtherance of plea negotiations.

7. On July 6, 2021, the parties met again. Based on that meeting, the agent on this case needs to take further investigative steps, which will assist in further plea negotiations.

8. On July 13, 2021, counsel for the parties communicated by email. The parties agree that additional time is needed for investigation of this matter to continue, to conduct plea negotiations, and for defense counsel to meet with his client in person to discuss discovery and a potential plea.

9. Overall, a continuance of the preliminary exam and complaint is necessary to allow defense counsel time to review reports from recent psychiatric evaluations of the defendant, to meet in-person with his client, to allow investigation in this case to continue, and to continue pre-indictment plea negotiations. The ends of justice served by continuing the preliminary exam and complaint outweigh the best interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO STIPULATED.**

| | |
|---|---|
| s/ *Meghan S. Bean* | s/ *Mark Satawa* (with consent) |
| Meghan Sweeney Bean | Mark Satawa |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 26777 Central Park Blvd., Ste. 325 |
| Detroit, Michigan 48226 | Southfield, MI 48076 |
| Phone: 313-226-0214 | Phone: (248) 356-8320 |
| meghan.bean@usdoj.gov | mark@satawalaw.com |

Dated: July 15, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            CASE NO. 20-mj-30088

v.                                          HON. ANTHONY P. PATTI

PHILLIP CAPE,

       Defendant.

                              /

## **ORDER TO CONTINUE PRELIMINARY EXAM AND COMPLAINT**

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the preliminary exam and complaint be continued from July 22, 2021, to August 25, 2021, at 1:00 p.m.

**IF IS FURTHER ORDERED** that the time period from July 22, 2021, through and including August 25, 2021, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the preliminary exam and complaint outweigh the best interests of the public and Defendant in a speedy trial. The Court does find that an ends of justice continuance is appropriate for the following reasons:

1. On February 21, 2020, the Court signed a criminal complaint charging the defendant with receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(1)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b);

2. On February 21, 2020, the defendant appeared for his initial appearance and consented to detention. The Court set a preliminary examination date of March 6, 2020;

3. Due to the COVID-19 pandemic, the lack of grand jury proceedings in the district, the court closures, and the inability of defense counsel to conduct an in-person forensic review of discovery or meet with his client, the parties agreed to adjourn the preliminary examination three times. The preliminary examination was set for August 13, 2020;

4. On August 12, 2020, as part of pre-indictment plea discussions, the parties attempted to conduct an in-person forensic review of discovery. The review was canceled because one of the necessary parties was quarantined. As a result, the government and defense counsel conferred and agreed to a continuance of the preliminary examination date until October 13, 2020, in order to allow defense counsel the opportunity to conduct the in-person forensic review of discovery and to communicate with the defendant who is currently detained;

5. On September 10, 2020, the government and defense counsel conducted a forensic evidence review at the United States Attorney's Office. The

evidence review led to a subsequent meetings between the parties and the need for the agent to take additional investigative steps to assist in furthering plea negotiations.

6. The parties have subsequently filed several stipulations to adjourn the preliminary examination date so that the agent's investigation can continue, so that the parties can conduct plea negotiations, and so that defense counsel could meet in-person with his client, which has been complicated due to the Covid-19 pandemic. Defense counsel also needed time to have a psychological evaluation of his client in furtherance of plea negotiations.

7. On July 6, 2021, the parties met again. Based on that meeting, the agent on this case needs to take further investigative steps, which will assist in further plea negotiations.

8. On July 13, 2021, counsel for the parties communicated by email. The parties agree that additional time is needed for investigation of this matter to continue, to conduct plea negotiations, and for defense counsel to meet with his client in person to discuss discovery and a potential plea.

9. Overall, a continuance of the preliminary exam and complaint is necessary to allow defense counsel time to review reports from recent psychiatric evaluations of the defendant, to meet in-person with his client, to allow investigation in this case to continue, and to continue pre-indictment plea negotiations. The ends of justice served by continuing the preliminary exam and complaint outweigh the

best interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This order shall not affect any previous order of pretrial detention or pretrial release. Accordingly, the Court shall find that, under the Speedy Trial Act, 18, U.S.C. § 3161(h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO ORDERED.**

s/Anthony P. Patti
HON. ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Date Entered:  July 19, 2021